**Paul COOK, Petitioner-Appellant,**

v.

**Perry JOHNSON, Warden, Respondent-Appellee.**

**No. 71-1997.**

United States Court of Appeals,
Sixth Circuit.

April 18, 1972.

Paul Cook for appellant on brief.

Frank J. Kelley, Atty. Gen. of Mich., Robert A. Derengoski, Sol. Gen., Stewart H. Freeman, Asst. Sol. Gen., Lansing, Mich., for appellee on brief.

Before The Honorable TOM C. CLARK,* Associate Justice, and Mc-CREE and MILLER, Circuit Judges.

PER CURIAM.

Appellant was convicted on June 6, 1968, of kidnapping and was sentenced to 20 to 40 years in the state penitentiary of Michigan. The conviction was based in part on the introduction into evidence of the victim's fingerprint which was found in appellant's car. The car was seized from appellant's garage without a warrant and two days later was searched without a warrant. Appellant contends that both the seizure and the search violated the Fourth Amendment.

Prior to trial, a motion to suppress the fingerprint evidence was denied. Appellant, having exhausted his state court remedies, filed in the court below his petition for habeas corpus. From the district court's dismissal of his petition appellant appeals to this Court.

The district court did not hold an evidentiary hearing but relied upon a transcript of the evidence developed in the state trial court on the motion to suppress.

The victim, a nine year old girl, was kidnapped on her way to school and was released the same day. On the morning of the incident, a witness noticed an unfamiliar car parked at the school and took the license number of the vehicle. When the witness learned of the kidnapping, he gave the number and a description of the car to the police. The police obtained a description of the kidnapper from the victim and subsequently discovered that the unfamiliar car was registered to the appellant.

Two days after the incident, police went to appellant's house, apparently to make an arrest. The suspect's wife told the officers that appellant was at work 20 miles away. The officers left the home and reported their finding. Police then contacted the suspect at work, and he agreed to accompany them to the prosecutor's office to discuss the matter. After this interview, he was arrested. Meanwhile, other police officers returned to appellant's home and explained to his wife that he was a suspect in a kidnapping. They had observed through an open garage door an automobile whose description and license number matched the information given by the witness.

Petitioner's wife was informed that the car was to be taken as evidence. The officers seized the automobile without a warrant and took it to the station. Two days later, fingerprint experts, without a warrant, searched the vehicle for fingerprints and found the fingerprint introduced into evidence.

Petitioner contends that the seizure and search violate the Fourth Amendment prohibition against unreasonable searches and seizures. Respondent, however, contends that the warrantless search and seizure may be justified by the "plain view" exception to the warrant requirement, by the "automobile"

* The Honorable Tom C. Clark, formerly Associate Justice of the Supreme Court of the United States.

exception, and by the "preservation of evidence" exception.

The facts of this case are strikingly similar to those in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). There, the police arrested Coolidge in his house, seized a car parked in the driveway, and searched the vehicle two days later. The search without a warrant was held to be violative of the Fourth Amendment. The Supreme Court considered the same arguments as are urged upon this Court and elaborated upon the application of the exceptions to the warrant requirement. Under the authority of that case the warrantless search and seizure in question here cannot be justified by any of the special exceptions urged by respondent. As the admission of the fingerprint evidence was an error of constitutional dimensions, the conviction must be set aside.

Accordingly, the order or judgment denying habeas corpus relief is reversed and the action is remanded to the district court with instructions to issue the writ discharging petitioner from custody unless he is retried within a reasonable time.